**Nathan Kevin TURNER, Plaintiff–Appellant,**

v.

**Bonnie DUMANIS, District Attorney of the County of San Diego; et al., Defendants–Appellees.**

**No. 09–55524.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed Feb. 24, 2011.

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nathan Kevin Turner, Vacaville, CA, pro se.

** This disposition is not appropriate for publication and is not precedent except as provid-

Morris Gerard Hill, Esquire, Walter C. Chung, San Diego, CA, for Defendants–Appellees.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Nathan Kevin Turner, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of post-conviction access to biological evidence for DNA testing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir.2001), and we affirm.

■ The district court properly dismissed Turner's claims that he was denied post-conviction access to biological evidence for DNA testing because he has not stated a viable due process claim. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne,* —— U.S. ——, 129 S.Ct. 2308, 2320–23, 174 L.Ed.2d 38 (2009) (holding that plaintiff had no viable procedural due process claim because state's procedures for post-conviction relief did not transgress recognized principles of fundamental fairness, and that there was no substantive due process right to post-conviction access to DNA evidence).

■ The district court properly dismissed Turner's claims that defendants destroyed materially exculpatory evidence in bad faith because Turner's conviction has

ed by 9th Cir. R. 36–3.

not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a constitutional claim that necessarily implies the invalidity of a conviction cannot be brought under § 1983 unless the conviction has already been invalidated).

Turner's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).